J-S01031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM SCOTT BEATTY, JR. | : | |
| | : | |
| Appellant | : | No. 1298 MDA 2017 |

Appeal from the PCRA Order July 21, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0000842-2010

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED FEBRUARY 23, 2018**

Appellant, William Scott Beatty, Jr., appeals from the order entered in the Lebanon County Court of Common Pleas, which granted in part and denied in part his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On April 5, 2011, Appellant entered an open *nolo contendere* plea to 87 charges, including burglary, robbery, corrupt organizations, and related offenses.  The court sentenced Appellant on May 18, 2011, to 497-994 months' incarceration, plus fines, costs, and restitution.  Appellant sought no direct review.  So, the judgment of sentence became final on June 17, 2011.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546

Instead, on May 26, 2011, Appellant filed his first *pro se* PCRA petition. The PCRA court appointed counsel, and subsequently denied Appellant PCRA relief on April 8, 2013. On February 4, 2014, this Court vacated and remanded. **See Commonwealth v. Beatty**, 97 A.3d 792 (Pa.Super. 2014) (unpublished memorandum). On remand, the PCRA court conducted a hearing on July 29, 2014, and denied Appellant's petition on June 24, 2015. This Court affirmed on February 5, 2016. **See Commonwealth v. Beatty**, 141 A.3d 587 (Pa.Super. 2016) (unpublished memorandum).

On March 21, 2016, Appellant filed his second, current *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition and supplemental amended PCRA petition. In his petition, Appellant raised several new claims of ineffective assistance of counsel. Specifically, Appellant asserted, *inter alia*, first PCRA counsel failed to file in our Supreme Court a petition for allowance of appeal from this Court's February 5, 2016 decision, despite Appellant's request.

On August 25, 2016, the PCRA court conducted an evidentiary hearing and heard testimony from Appellant and first PCRA counsel. Appellant testified he contacted first PCRA counsel after Appellant received this Court's February 5, 2016 memorandum, to tell counsel Appellant wished to seek allowance of appeal in the Pennsylvania Supreme Court. Appellant stated first PCRA counsel failed to seek further review, despite Appellant's request. First PCRA counsel testified he did not receive this Court's February 5, 2016

memorandum until March 21, 2016, after expiration of the 30-day period for filing a petition for allowance of appeal in our Supreme Court. Counsel said he explained in a letter to Appellant dated March 24, 2016, that counsel had received this Court's decision only days ago and understood Appellant would have wanted to seek allowance of appeal in our Supreme Court had counsel learned of this Court's decision earlier. First PCRA counsel stated he believed Appellant generally wished to appeal any adverse decisions from the denial of his first PCRA petition, although Appellant did not expressly ask counsel to seek allowance of appeal from this Court's February 5, 2016 decision.

On July 21, 2017, the PCRA court granted in part Appellant's petition and reinstated his right to file in our Supreme Court a petition for allowance of appeal *nunc pro tunc* from this Court's February 5, 2016 decision.[2] The PCRA court denied Appellant's petition in all other respects. Appellant filed a timely notice of appeal from that decision in this Court on August 18, 2017. The PCRA court ordered Appellant on August 23, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on August 31, 2017.

Appellant raises the following issues for our review:

WHETHER [FIRST] PCRA COUNSEL FAILED TO

_____

[2] Appellant obtained a stay on his petition for allowance of appeal while this Court resolved the present appeal.

- 3 -

ADEQUATELY ARGUE AT THE PCRA HEARING THAT APPELLANT HAD REQUESTED THAT HIS TRIAL COUNSEL FILE AN APPEAL ON HIS BEHALF?

WHETHER [FIRST] PCRA COUNSEL FAILED TO ADEQUATELY ARGUE THAT APPELLANT HAD REQUESTED TRIAL COUNSEL TO FILE POST-SENTENCE MOTIONS AND CHALLENGE THE VALIDITY OF HIS SENTENCE, UPON APPELLANT'S [REQUEST], AT HIS PCRA HEARING?

WHETHER [FIRST] PCRA COUNSEL FAILED TO ARGUE IN HIS BRIEF TO THE SUPERIOR COURT THAT APPELLANT HAD REQUESTED TRIAL COUNSEL TO FILE A DIRECT APPEAL AND THAT TRIAL COUNSEL FAILED TO DO SO[?]

WHETHER [FIRST] PCRA COUNSEL FAILED TO ARGUE AT THE PCRA HEARING THAT TRIAL COUNSEL FAILED TO LOOK INTO CHANGES FROM THE ORIGINAL INFORMATION AND THE AMENDED INFORMATION THAT WAS FILED, AND IN RETURN, FILE A MOTION ON APPELLANT'S BEHALF[?]

WHETHER [FIRST] PCRA COUNSEL FAILED TO ARGUE AT THE PCRA HEARING THAT TRIAL COUNSEL FAILED TO PROVIDE APPELLANT WITH PERMISSIBLE RANGES IN SENTENCING AND FINES[?]

WHETHER [FIRST] PCRA COUNSEL FAILED [TO ARGUE AT THE PCRA HEARING THAT TRIAL COUNSEL FAILED] TO FILE A MOTION FOR SEVERANCE[?]

WHETHER [FIRST] PCRA COUNSEL FAILED TO ARGUE THAT APPELLANT'S PLEA WAS NOT KNOWING, VOLUNTARY AND INTELLIGENTLY MADE[?]

(Appellant's Brief at 4-5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*,

612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. *Id.*

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a

petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264,

1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Bennett, supra* at 395-96, 930 A.2d at 1272 (internal citations omitted) (emphasis in original).

A common allegation of ineffective assistance of counsel, even if cast in the language of a statutory exception, does not generally establish jurisdiction over an otherwise untimely PCRA petition. *Gamboa-Taylor, supra* at 80, 753 A.2d at 785. In rare instances, the law will allow a petitioner to proceed with a second, albeit untimely, PCRA petition, where petitioner timely asserts the "after-discovered facts exception" under 42 Pa.C.S.A. § 9545(b)(1)(ii), claiming specific abandonment of counsel on a prior appeal. *See Bennett, supra* at 399-400, 930 A.2d at 1274.

Instantly, Appellant's judgment of sentence became final on June 17, 2011, upon expiration of the 30-day period to file a notice of appeal in this Court. *See* Pa.R.A.P. 903(a). Appellant filed his second and current *pro se* PCRA petition on March 21, 2016, which is patently untimely. In his petition, Appellant alleged several new claims of ineffective assistance of

first PCRA counsel, including a claim that first PCRA counsel failed to file in our Supreme Court a petition for allowance of appeal from this Court's February 5, 2016 decision, despite Appellant's request. The PCRA court considered the merits of Appellant's second PCRA petition and granted relief in part by reinstating Appellant's appeal rights *nunc pro tunc* from the denial of his first PCRA petition.[3] The PCRA court denied Appellant's PCRA petition in all other respects.

What is properly before us in this appeal is the PCRA court's decision to deny relief on the remaining generic claims of ineffective assistance of first PCRA counsel, for which Appellant failed to assert any of the exceptions to the PCRA time-bar. *See Gamboa-Taylor, supra*; 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's remaining PCRA claims were time-barred, and the PCRA court lacked jurisdiction to review them. *See Zeigler, supra*. Accordingly, we affirm. *See Commonwealth v. Reese*, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*) (stating appellate court may affirm order of trial court on any basis if ultimate decision is correct).

_____

[3] We can only presume the court granted Appellant partial relief in light of first PCRA counsel's testimony and *Bennett*. *See Bennett, supra*. That decision, however, is not before us in this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2018